UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON P. SHULL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-85-JD-AZ |
| AMBER EARNHART, et al., | |
| Defendants. | |

OPINION AND ORDER

Jonathon P. Shull, a prisoner without a lawyer, filed an amended complaint. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Shull asserts due process violations and State law claims against five defendants in connection with his efforts to litigate his State criminal case. The court has identified this case as *State v. Shull*, 27D02-1912-F4-47 (Grant Sup. Ct. filed Dec. 13, 2019).[1] Though the complaint is light on detail, his principal claims appear

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

to be against the clerk's office for the Grant Superior Court and the administrative clerk, Amber Earnhart, who signed for the receipt of his petition relating to interstate detainer by mail when Shull was incarcerated in Kentucky. The signed receipt slip attached to the amended complaint is dated October 31, 2020. From the exhibits and Shull's written descriptions of them, it appears that he submitted a "Petition for Dismissal of Charges" to the Grant Superior Court on October 16, 2022, and again on January 18, 2023, and he alleges that those petitions also went undocketed.[2] However, the State court docket reflects that a "Petition for Dismissal of Charges" was filed on January 23, 2023,

The applicable statute of limitations requires plaintiffs to file lawsuits within two years of the date on which the injury occurred. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). As a result, the limitations period for the last undocketed petition expired in October 2024. Shull did not file the initial complaint in this case until February 18, 2025 (ECF 1 at 4), so the claims against Clerk Earnhart and the clerk's office for the Grant Superior Court for failing to docket his motions are untimely.

Shull asserts claims against Judge Foust for not setting court dates to resolve the undocketed motions. He also asserts claims against Prosecutor Scott for not setting court dates and for not docketing his motions. It seems unlikely that a judge has the duty to set court dates to resolve motions without ever receiving notice of those

---

[2] Shull also alleges that motions for leave to proceed *in forma pauperis* went undocketed, but it does not appear that his *in forma pauperis* status was ever in question or that he suffered any harm as a result of these undocketed motions.

motions or that a prosecutor has the duty or ability to docket motions filed by opposing parties or to set court dates. Even if they did, such claims would be barred by judicial and prosecutorial immunity. *See Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction.").

Shull asserts that Attorney Eib, his public defender, violated his constitutional rights for not responding to Shull or his mother, not filing motions, and not complying with instructions not to allow continuances. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Because Attorney Eid was not a State actor, Shull may not proceed against him on a constitutional claim.

He also asserts State law claims against Attorney Eib, including negligence and negligent infliction of emotional distress. Because the amended complaint does not plausibly state any federal claims, Shull may only proceed against Attorney Eib on State law claims if the elements of diversity jurisdiction are satisfied. *See* 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction); 28 U.S.C. § 1367 (supplemental jurisdiction). Diversity jurisdiction requires a diversity of State citizenship among the parties, but the amended complaint indicates that Shull and

3

Attorney Eib both reside in Indiana and are thus citizens of Indiana. As a result, it appears that the court lacks subject matter jurisdiction over these claims.

Additionally, Shull has not plausibly stated any State law claims against Attorney Eib. With respect to negligent infliction of emotional distress, the Indiana Supreme Court has articulated the following:

> The right to seek damages for emotional distress in actions for negligence often referred to as actions for negligent infliction of emotional distress, is carefully circumscribed under Indiana jurisprudence. We have never permitted, nor do we today, an action seeking damages for emotional distress predicated upon a breach of an alleged duty not to inflict emotional injury on another. Such independent, stand-alone actions for negligent infliction of emotional distress are not cognizable in Indiana. But actions seeking damages for emotional distress resulting from the negligence of another are permitted in two situations: where the plaintiff has (1) witnessed or come to the scene soon thereafter the death or severe injury of certain classes of relatives (i.e., the bystander rule) or (2) suffered a direct impact (i.e., the modified impact rule).

*Spangler v. Bechtel*, 958 N.E.2d 458, 466 (Ind. 2011). "The modified impact rule maintains the requirement of a direct physical impact." *Conder v. Wood*, 716 N.E.2d 432, 434 (Ind. 1999) (cited with approval in *K.G. by Next Friend Ruch v. Smith*, 178 N.E.3d 300, 306 (Ind. 2021)). "However, the impact need not cause a physical injury to the plaintiff and the emotional trauma suffered by the plaintiff need not result from a physical injury caused by the impact." *Id.* There are no allegations that Shull was present during the death or injury of a relative or that Attorney Eib's alleged misconduct had any physical impact on Shull.

The court also understands the allegations as asserting that Attorney Eib violated his duty to exercise the ordinary skill of an attorney toward his clients rather than a

4

generalized duty of all individuals to exercise ordinary care. This variation of negligence is known as legal malpractice. "To establish causation and the extent of harm in a legal malpractice case, the client must show that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence." *Shorewood Forest Utilities, Inc. v. Welsh*, 237 N.E.3d 1142, 1147 (Ind. Ct. App. 2024). Upon review of the State court docket, it is unclear how Attorney Eib's professional negligence could have affected the outcome of Shull's State criminal case.

    As an initial matter, the State criminal case is ongoing with the trial currently set for July 2025, so its ultimate outcome remains uncertain. Further, on January 23, 2023, the Grant Superior Court received Shull's "Petition for Dismissal of Charges," about one year prior to Attorney Eib's appointment. Once appointed, Attorney Eib filed various motions before he withdrew from representation on May 9, 2025, including motions for discovery, a motion for transport, and a motion to vacate a change of plea hearing. It is unclear what other motions Shull expected Attorney Eib to file or what now prevents Shull from filing those motions given that Attorney Eib has withdrawn from representation. It is also unclear how allowing continuances of the trial date resulted in a less favorable outcome. Even assuming an eventual acquittal, any negligence by Attorney Eib will not have affected the overall duration of Shull's time in

5

custody because Shull remains in custody and will remain in custody for some time pursuant to his ten-year sentence in another case.[3]

In sum, this amended complaint does not state a claim for which relief can be granted, and the court may also lack subject matter jurisdiction over the State law claims. If Shull believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jonathon P. Shull until **June 17, 2025**, to file an amended complaint; and

(2) CAUTIONS Jonathon P. Shull that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

---

[3] The exhibits attached to the complaint suggest that he began serving this sentence at the Branchville Correctional Facility sometime between May 2023 and November 2023. ECF 11-1 at 32, 51. They also indicate that he is projected for work release in November 2029. *Id.* at 74-75.

6

SO ORDERED on May 16, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT