UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JONATHON P. SHULL, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-85-JD-AZ |
| AMBER EARNHART, et al., | |
| Defendants. | |

OPINION AND ORDER

Jonathon P. Shull, a prisoner without a lawyer, filed a second amended complaint. ECF 19. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On March 4, 2025, Shull filed a first amended complaint asserting various claims in connection with his ongoing State criminal case. ECF 11. On May 16, 2025, the court screened the first amended complaint and found that any claims against the clerks at Grant Superior Court for failing to docket Shull's petitions were untimely and that Judge Foust and Prosecutor Scott were immune from claims relating to their handling of the State criminal case. ECF 17. The court further found that Shull could not proceed

against his former public defender on constitutional claims due to a lack of State action and because the factual allegations did not plausibly state claims of negligent infliction of emotional distress or legal malpractice under Indiana law. *Id.* The court also found that it lacked subject matter jurisdiction over the Indiana law claims. *Id.* As a result, the court found that Shull could not proceed on the first amended complaint but granted him leave to file a second amended complaint. *Id.*

On June 2, 2025, Shull filed a second amended complaint. ECF 19. While the second amended complaint provides more detail, it does not address most of the deficiencies detailed in the screening order. Specifically, it does not address the untimeliness of the claims against the court clerks, judicial or prosecutorial immunity, or subject matter jurisdiction over the State law claims. The amended complaint does appear to address the plausibility concerns pertaining to the State law claims by asserting that his former public defender's negligence caused a warrant in his pending State criminal case to remain active, which, in turn, caused him injury by raising his prison security level. However, the subject matter jurisdiction issue remains. Consequently, the court will dismiss the State law claims for lack of subject matter jurisdiction without prejudice and will dismiss all other claims for failure to state a claim.[1]

---

[1] The court recognizes that it arguably has supplemental jurisdiction over the State law claims and that the extent of factual overlap with non-frivolous federal claims might be debatable. *See* 28 U.S.C. § 1367(a). However, even if the court had found supplemental jurisdiction, the court would have relinquished it under 28 U.S.C. § 1367(c)(3) and dismissed the State law claims without prejudice. In other words, the outcome of this case would have been the same.

The court must "[grant] IFP plaintiffs leave to amend their complaints at least once when Rule 15(a) would allow amendment in the case of fee-paying litigants." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013). However, as detailed above, the court has previously granted Shull leave to amend after finding that the claims in the first amended complaint were invalid. Therefore, the court will dismiss this case rather than granting Shull an additional opportunity to amend the complaint.

For these reasons, the court:

(1) DISMISSES without prejudice the State law claims for lack of subject matter jurisdiction;

(2) DISMISSES all other claims for failure to state a claim upon which relief can be granted; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on June 25, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT